UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM C. BARLOW, )<br>  )<br>                 Plaintiff, )<br>  )<br> v. )<br>  )<br> BNC MORTGAGE INC.; et al., )<br>  )<br>                 Defendants. )<br>  ) | 3:09-cv-0677-LRH-RAM<br><br>ORDER |

Before the court is plaintiff William C. Barlow's ("Barlow") motion to remand filed on November 18, 2009. Doc. #3[1]. Defendants filed an opposition on December 3, 2009. Doc. #19. Thereafter, Barlow filed a reply on December 7, 2009. Doc. #22.

Also before the court is plaintiff's motion to stay filed on November 18, 2009 (Doc. #4), and plaintiff's amended motion to stay filed on November 28, 2009 (Doc. #17).

**I.   Facts and Procedural History**

On May 11, 2006, plaintiff purchased real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on October 13, 2009, Barlow filed a complaint in state court alleging

---

[1] Refers to the court's docket entry number.

fourteen separate causes of action against defendants. Doc. #1, Exhibit 2. Defendants removed the matter to federal court on federal question grounds. Doc. #1. Thereafter, Barlow filed the present motion to remand. Doc. #4.

**II.     Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.    Discussion**

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Here, Barlow argues that there is no federal question because all of his claims are rooted in either state law or common law. Thus, according to Barlow, there are no federal causes of action supporting removal.

However, federal question jurisdiction will lie over state law claims that implicate

2

significant federal issues. *Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005). In his complaint, Barlow repeatedly references defendants' violations of federal laws including defendants' concealment of information in violation of federal securities and banking laws. Further, his thirteenth cause of action for conspiracy directly references the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Home Ownership Protection Act. *See* Doc. #1, Exhibit 1.

Barlow argues that these are "incidental" references to federal laws referred to "only as a compilation to the state violations since much of that languages may be the same." Doc. #22. However, the court finds that these references are not incidental; they are part of the requisite framework for Barlow's claims. Barlow's conspiracy claim necessarily depends on the resolution of federal law because in order to have conspired to violate his rights defendants must have first violated the federal statutes at issue. Thus, on the face of Barlow's complaint, there are questions of federal law establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper because the state causes of action turned on the defendant's compliance with federal regulations).

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #3) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to stay pending the motion to remand (Doc. #4) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's amended motion to stay pending the motion to remand (Doc. #17) is DENIED as moot.

IT IS SO ORDERED.

DATED this 25th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE