UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM C. BARLOW,

    Plaintiff,

v.

BNC MORTGAGE INC.; et al.,

    Defendants.

3:09-cv-00677-LRH-RAM

ORDER

    Before the court is defendant T.D. Service Company's ("TD") renewed motion to dismiss (Doc. #55[1]) to which defendant First American Loanstar Trustee Services, LLC ("First American") joined (Doc. #61). Plaintiff William C. Barlow ("Barlow") filed an opposition (Doc. #64) to which TD replied (Doc. #65).

**I.    Facts and Procedural History**

    On May 11, 2006, Barlow purchased real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

    Subsequently, on October 13, 2009, Barlow filed a complaint alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100;

---

[1] Refers to the court's docket number.

1  (2) conspiracy; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud
2  through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious
3  breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust
4  enrichment; (13) conspiracy to commit fraud; and (14) fraud in the inducement. Doc. #1, Exhibit 2.

   Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation
("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper
business practices when processing home loans. The panel assigned Judge James A. Teilborg to
oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except
for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

   On February 18, 2010, the panel issued a transfer order and consolidated the present action
with the MDL litigation. Doc. #37. However, as part of the transfer order, the panel transferred only
those claims that "relate to the formation and/or operation of MERS" and held that all other claims
"unrelated to the formation and/or operation of the MERS system are separately and simultaneously
remanded" to the district court in which they were first brought. *Id*.

   On January 18, 2011, Judge Teilborg issued an initial remand order. Doc. #60. Pursuant to
that order Judge Teilborg remanded: (1) claim 1 for violation of unfair lending practices,
NRS 598D.100; (2) claim 10 for civil conspiracy as it relates to other remanded claims; (3) claim
11 for racketeering activity in violation of Nevada law as it relates to other remanded claims; (4)
claim 12 for unjust enrichment; (5) claim 3 for injunctive relief as it relates to the remanded claims;
and (6) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thereafter, TD filed
the present motion to dismiss as to the remanded claims. Doc. #55.

**II.    Legal Standard**

   Defendants TD and First American seek dismissal pursuant to Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a
motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil

2

1  Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d
2  1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the
3  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2)
4  pleading standard does not require detailed factual allegations; however, a pleading that offers
5  "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not
6  suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,
7  550 U.S. 544, 555 (2007)).
8        Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
9  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting
10 *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows
11 the court to draw the reasonable inference, based on the court's judicial experience and common
12 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
13 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
14 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
15 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
16 relief." *Id.* at 1949 (internal quotation marks and citation omitted).
17       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
18 true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of
19 the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret
20 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
21 (internal quotation marks omitted). The court discounts these allegations because "they do nothing
22 more than state a legal conclusion—even if that conclusion is cast in the form of a factual
23 allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
24 dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
25 plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.
26

3

### III. Discussion

#### A. Unfair Lending Practices, NRS 598D.100

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Barlow alleges that defendants violated the present version of the statute, his loan originated in May 2006, prior to the current amendment. Therefore, Barlow's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, defendants TD, as the loan servicer, and First American, as the foreclosure trustee, were not involved in the origination of Barlow's loan. Thus, they could not have violated the statute by lending Barlow money "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Accordingly, the court shall grant TD's motion to dismiss as to this claim.

#### B. Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Barlow fails to plead a claim for civil conspiracy with the required specificity. Barlow never identifies how each individual defendant participated or joined the conspiracy. Further, Barlow does not clearly identify the underlying tort that defendants committed. Barlow merely alleges that his loan was one of many executed in violation of Nevada laws. Therefore, the court finds that Barlow has failed to sufficiently plead a claim for civil conspiracy with the requisite

1  specificity.

2  **C. Racketeering**

3  In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead
4  with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must
5  allege at least two predicate crimes related to racketeering in order to sufficiently plead a
6  racketeering claim upon which relief can be granted. *Id*.

7  Here, Barlow merely alleges that his loan was one of many executed in violation of Nevada
8  laws. From the complaint, it is unclear what these violations were and, more importantly, what the
9  two requisite "crimes" were. Therefore, the court finds that Barlow has failed to sufficiently plead a
10 claim for civil racketeering upon which relief can be granted.

11 **D. Unjust Enrichment**

12 To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly
13 retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*
14 *Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust
15 enrichment cannot stand when there is an express written contract which guides that activities of
16 the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187
17 (Nev. 1997).

18 Here, there was a written contract between the parties, namely, the deed of trust and
19 mortgage note. These documents guided the interactions, obligations, and rights of the parties. As
20 such, Barlow cannot make a claim in equity for actions that are guided by his own contract. *See*
21 *LeasePartners Corp.*, 942 P.2d at 187-88.

22 **E. Declaratory Relief and Permanent Injunction**

23 Barlow's remaining causes of action for injunctive and declaratory relief are remedies that
24 may be afforded to a party after he has sufficiently established and proven his claims; they are not
25 separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F.

26

5

Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, Barlow's remanded claims fail to establish a claim for relief. Accordingly, Barlow is not entitled to his requested remedies.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #55) and joinder to the motion to dismiss (Doc. #61) are GRANTED. Defendants T.D. Service Company and First American Loanstar Trustee Services, LLC are DISMISSED as defendants as to the remanded claims: (1) claim 1 for violation of unfair lending practices, NRS 598D.100; (2) claim 10 for civil conspiracy as it relates to other remanded claims; (3) claim 11 for racketeering activity in violation of Nevada law as it relates to other remanded claims; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief; and (6) claim 4 for declaratory relief.

IT IS FURTHER ORDERED that defendant T.D. Services's initial motion to dismiss (Doc. #25) and defendant First American Loanstar Trustee Services, LLC's initial motion to dismiss (Doc. #31) are DENIED as moot.

IT IS SO ORDERED.

DATED this 7th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE