UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM C. BARLOW,

    Plaintiff,

v.

BNC MORTGAGE INC.; et al.,

    Defendants.

3:09-cv-00677-LRH-RAM

ORDER

Before the court is defendant First Horizon Home Loans's ("First Horizon") renewed motion to dismiss (Doc. #58[1]) to which defendant Chase Home Finance, LLC ("Chase") joined (Doc. #70). Plaintiff William C. Barlow ("Barlow") filed an opposition (Doc. #64) to which First Horizon replied (Doc. #69).

Also before the court is Chase's renewed motion to expunge lis pendens. Doc. #71.

**I.    Facts and Procedural History**

On May 11, 2006, Barlow purchased real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on October 13, 2009, Barlow filed a complaint alleging fourteen separate

---

[1] Refers to the court's docket number.

causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud; and (14) fraud in the inducement. Doc. #1, Exhibit 2.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #37. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On January 18, 2011, Judge Teilborg issued an initial remand order. Doc. #60. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for violation of unfair lending practices, NRS 598D.100; (2) claim 10 for civil conspiracy as it relates to other remanded claims; (3) claim 11 for racketeering activity in violation of Nevada law as it relates to other remanded claims; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief as it relates to the remanded claims; and (6) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thereafter, First Horizon filed the present motion to dismiss the remanded claims. Doc. #58.

**II.     Legal Standard**

Defendant First Horizon seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to

2

dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

3

plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.   Discussion

#### A.  Unfair Lending Practices, NRS 598D.100

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Barlow alleges that defendants violated the present version of the statute, his loan originated in May 2006, prior to the current amendment. Therefore, Barlow's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, neither First Horizon nor Chase were involved in the origination of Barlow's loan. Thus, they could not have violated the statute by lending Barlow money "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Accordingly, the court shall grant First Horizon's motion to dismiss as to this claim.

#### B.  Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Barlow fails to plead a claim for civil conspiracy with the required specificity. Barlow never identifies how each individual defendant participated or joined the conspiracy. Further, Barlow does not clearly identify the underlying tort that defendants committed. Barlow merely alleges that his loan was one of many executed in violation of Nevada laws. Therefore, the court

finds that Barlow has failed to sufficiently plead a claim for civil conspiracy with the requisite specificity.

### C. Racketeering

In Nevada, civil racketeering claims brought under NRS 207.400, *et seq.*, must be plead with specificity. *Hale v. Burkhardt*, 764 P.2d 866, 869 (Nev. 1988). That is, the complaint must allege at least two predicate crimes related to racketeering in order to sufficiently plead a racketeering claim upon which relief can be granted. *Id*.

Here, Barlow merely alleges that his loan was one of many executed in violation of Nevada laws. From the complaint, it is unclear what these violations were and, more importantly, what the two requisite "crimes" were. Therefore, the court finds that Barlow has failed to sufficiently plead a claim for civil racketeering upon which relief can be granted.

### D. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides the activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Barlow cannot make a claim in equity for actions that are guided by a contract to which he is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

### E. Declaratory Relief and Permanent Injunction

Barlow's remaining causes of action for injunctive and declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not

separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, Barlow's remanded claims fail to establish a claim for relief. Accordingly, Barlow is not entitled to his requested remedies.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #58) and joinder to the motion to dismiss (Doc. #70) are GRANTED. Defendants First Horizon Home Loans and Chase Home Finance, LLC are DISMISSED as defendants as to the remanded claims: (1) claim 1 for violation of unfair lending practices, NRS 598D.100; (2) claim 10 for civil conspiracy; (3) claim 11 for racketeering activity in violation of Nevada law; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief; and (6) claim 4 for declaratory relief.

IT IS FURTHER ORDERED that defendant First Horizon Home Loans's initial motion to dismiss (Doc. #28) is DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #71) is GRANTED. Defendant Chase Home Finance, LLC shall have ten (10) days after entry of this order to file an appropriate proposed order expunging lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that Chase Home Finance, LLC's initial motion to expunge lis pendens (Doc. #37) is DENIED as moot.

IT IS SO ORDERED.

DATED this 7th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE