UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM C. BARLOW, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>BNC MORTGAGE INC.; et al., )<br>  )<br>  Defendants. )<br>  ) | 3:09-cv-00677-LRH-RAM<br><br>ORDER |

Before the court is plaintiff William C. Barlow's ("Barlow") motion for reconsideration of the court's order granting defendant Chase Home Finance, LLC's ("Chase") motion to expunge lis pendens (Doc. #77[1]). Doc. #79.

**I.    Facts and Procedural History**

On May 11, 2006, Barlow purchased real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings. Subsequently, on October 13, 2009, Barlow filed a complaint against defendants. Doc. #1, Exhibit 2.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper

---
[1] Refers to the court's docket number.

business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119. On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #37.

On January 18, 2011, Judge Teilborg issued an initial remand order. Doc. #60. Pursuant to that order Judge Teilborg remanded some of Barlows' claims including: (1) claim 1 for violation of unfair lending practices, NRS 598D.100; (2) claim 10 for civil conspiracy as it relates to other remanded claims; (3) claim 11 for racketeering activity in violation of Nevada law as it relates to other remanded claims; (4) claim 12 for unjust enrichment; (5) claim 3 for injunctive relief as it relates to the remanded claims; and (6) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. In response to Judge Teilborg's remand order, defendants filed a motion to dismiss (Doc. #58) and a motion to expunge lis pendens (Doc. #71) which were granted by the court. Doc. #77. Thereafter, Barlow filed the present motion for reconsideration. Doc. #79.

**II.   Discussion**

Barlow brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Barlow argues that the court erred in granting defendant Chase's motion to expunge lis pendens (Doc. #71) because the court was without jurisdiction to enter such an order. *See* Doc. #79.

The court has reviewed the documents and pleadings on file in this matter and finds that Barlow is correct that the court was without jurisdiction to grant defendant Chase's motion to

1 expunge lis pendens (Doc. #71). Pursuant to 28 U.S.C. § 1407, any action transferred to another
2 court by an order of the Judicial Panel on Multidistrict Litigation divests the transferor court of
3 jurisdiction over any pretrial motion or pleading unless the action, or any separate claim or cross-
4 claim, has been remanded to the transferor court. *See* 28 U.S.C. § 1407(a); Rule 1.5 of the Rules of
5 Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 426 (2001).

6      Here, Judge Teilborg issued an order of remand in this action only as to certain claims
7 including (1) claim 1 for violation of unfair lending practices, NRS 598D.100; (2) claim 10 for civil
8 conspiracy as it relates to other remanded claims; (3) claim 11 for racketeering activity in violation
9 of Nevada law as it relates to other remanded claims; (4) claim 12 for unjust enrichment; (5) claim
10 3 for injunctive relief as it relates to the remanded claims; and (6) claim 4 for declaratory relief as it
11 relates to the remanded claims. Doc. #60. As such, this court had jurisdiction over this action only
12 as it related to these claims. Chase's motion to expunge lis pendens affects the relief available to
13 Barlow over claims that were not remanded to this court including his claims for wrongful
14 foreclosure, quiet title and fraud. Therefore, the court finds that it was without jurisdiction to
15 entertain Chase's motion to expunge lis pendens (Doc. #71). Accordingly, the court shall grant
16 Barlow's motion for reconsideration.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26

1    IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #79) is
2  GRANTED. Defendant's motion to expunge lis pendens (Doc. #71) is DENIED and the clerk of
3  court shall AMEND the court's prior order (Doc. #77) to reflect the denial of the motion to
4  expunge lis pendens.
5    IT IS FURTHER ORDERED that defendant's proposed order to expunge lis pendens
6  (Doc. #78) is DENIED.
7    IT IS SO ORDERED.
8    DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE